612 So.2d 297 (1992)
SUCCESSION of Robert Leslie SUGGS.
Nos. 92-CA-709, 92-CA-1008.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1992.
Deutsch, Kerrigan & Stiles, Marian M. Berkett, William Harrison, New Orleans, for heirs-appellants.
Stone, Pigman, Walther, Wittman & Hutchinson, Phillip A. Wittman, New Orleans, for testamentary-executrix.
Before DUFRESNE, GOTHARD and CANNELLA, JJ.
*298 DUFRESNE, Judge.
This case involves two judgments declaring certain portions of a will in favor of the testator's second wife invalid because they infringe upon the legitime of three children born of his first marriage. The only difference between these judgments in favor of the three children is that the first was rendered against the second wife as executrix of the succession, and the second against her in her individual capacity. For the reasons assigned by the trial judge, we affirm both judgments.
In concise but thorough Reasons for Judgment the trial judge set forth the matter as follows:
Robert Leslie Suggs died testate on September 4, 1989. He was survived by his wife, Carroll Wilson Suggs; three children of his marriage to Mrs. Suggs, namely Frank Alfred Suggs, Robert Leslie Suggs, Jr. and Carroll Wilson Suggs; and three children of his first marriage, namely Dolcie Suggs Ehlinger, Barbara Wilson Suggs and Peggy Kathleen Suggs. Prior to their marriage Mr. and Mrs. Suggs executed a pre-nuptial agreement so that all of the property of which Mr. Suggs died possessed was his separate property.
Under the terms of his will Mr. Suggs named his wife executrix of his estate, he made certain relatively minor special bequests, and left the remainder of the disposable portion of his estate to his wife. He also left the usufruct of the forced portion of his estate to his wife and left the naked ownership of the forced portion of his estate, in equal portions, to six trusts created by the terms of his will. Each of his six surviving children is named principal beneficiary of one of the six trusts. Mrs. Suggs is named trustee of each of the six trusts with broad powers over the trust corpus and without the necessity of furnishing security. She is also named income beneficiary of each trust during her lifetime.
The three children of Mr. Suggs' first marriage filed a petition asking the court to render a declaratory judgment declaring that the legacies to Mrs. Suggs are excessive and invalid under the law and constitute an impingement on petitioners' rights as forced heirs. These parties and the executrix have filed motions for summary judgment, agreeing that the issues raised by the petition are legal rather than factual.
The basic legal issue raised by these pleadings requires an interpretation of the apparently conflicting provisions of Articles 890 and 1752 of the Louisiana Civil Code.
Article 890 provides in part:
The deceased may by testament grant a usufruct for life or for a shorter period to the surviving spouse over all or part of his separate property.
A usufruct authorized by this article is to be treated as a legal usufruct and is not an impingement upon legitime.
Article 1752 provides:
A man or woman who contracts a second or subsequent marriage, having a child or children by a former marriage, can give to his wife, or she to her husband, either by donation inter vivos or by last will and testament, in full property or in usufruct, all of that portion of his estate, or her estate, as the case may be, that he or she could legally give to a stranger.
In construing these two articles the court is obliged to give effect to both articles if it is reasonably possible to do so. A plain reading of the articles indicates that a decedent may leave a usufruct over the forced portion of his estate to the surviving spouse of his first marriage, but, if there are children of a first marriage, he cannot leave such a usufruct to the surviving spouse of a second or subsequent marriage.
This construction produces a result that is generally in keeping with the then existing law of forced heirship and it is reflective of a policy of protecting the children of a first marriage from effectively being disinherited in favor of a spouse of a second or subsequent marriage.
The executrix, in arguing against such a result contends that Article 890 in effect *299 repealed Article 1752. There is nothing in the language of Article 890 to indicate such intent; in fact the legislature by Act 147 of 1990 specifically repealed Article 1752, indicating that it had not already done so by the enactment of Article 890.
Louisiana Civil Code Article 8 provides in part:
A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law.
As discussed above, the provisions of Article 890 are not contrary to, or irreconcilable with the provisions of Article 1752.
Article 1841 of the Trust Code specifically allows placing the legitime or any portion thereof in trust. This article provides however that "the net income accruing to the forced heir is payable to him not less than once each year". The provision of Mr. Suggs' will that name Mrs. Suggs as income beneficiary of the legitime in trust are therefore an excessive donation and invalid under the law.
In this court's opinion, both the reasoning and the results reached by the trial judge are correct, and we hereby adopt his above Reasons for Judgment as the opinion of this court.
There is one additional issue regarding interpretation of the judgments of the district court over which the parties disagree: i.e. whether the testamentary trusts are at least partially valid. We hold that they are, on the following terms. Article 1842 of the Trust Code provides that any provisions of a trust instrument incompatible with its provisions as to placing the legitime in trust shall be reformed to comply with the Code. The trial judge noted that Article 1841(1) permits placing of the legitime in trust provided that the income accruing to the forced heir be paid to him at least once a year. It is clear that the judgments contemplated that the trusts were validly established (see La.R.S. 9:1821), but that the forced heirs were to be the income beneficiaries. We deem this to be the effect of the judgments and hold that they are correct in so reforming the provisions of the will.
The last issue here involves, or will ultimately involve, the allocation of costs, expert fees and attorney fees. Basically, the executrix urges that costs and fees of the proceedings should be borne by the estate because undertaken by her in defense of the testator's wishes as expressed in his will. The forced heirs argue instead that because the disputed portions of the will were solely for the benefit of the executrix in her individual capacity these items should be paid from her share of the estate. It is our opinion that these matters are premature, in that they have not yet been finally resolved in the district court.
We recognize that one of the judgments before us casts for costs Mrs. Carroll Suggs as executrix, and the other similarly casts her individually. We also recognize that an expert's fee of $4,800 has been ordered paid out of the estate on an interim basis. However, the trial judge has specifically noted that no determination has yet been made by him as to how, or whether, costs and fees will be apportioned. In this circumstance, we hereby rule that all matters presented here relating to allocations of costs, expert fees and attorney fees are now premature. We therefore decline to consider them at this time, but reserve to the parties the right to re-urge these matters as they deem appropriate.
Accordingly the judgments of the trial court are affirmed. That portion of the judgment concerning the allocation of costs, expert fees and court costs are deemed premature and remanded to the trial court for further consideration.
AFFIRMED IN PART AND REMANDED IN PART.